IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**APRIL NICOLE NEWSON**                                                       **PLAINTIFF**

**V.**                                                                            **NO. 3:19cv282-JMV**

**ANDREW SAUL,**
*Commissioner of Social Security*                                       **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's oral ruling during a hearing held October 5, 2020, the Court is unable to find the ALJ's residual functional capacity determination with respect to the claimant's mental limitations is supported by substantial evidence in the record. Specifically, as concerns the medical source statement ("MSS") of the claimant's treating psychiatrist, the ALJ wrote, "Dr. Leal's opinion is not supported by objective or treatment evidence and is inconsistent with the diagnosis of mild major depressive disorder." This statement by the ALJ indicates the ALJ failed to appreciate that Dr. Leal's MSS specifically

characterized the claimant's diagnosis as "Major Depressive Disorder, *severe,* recurrent, with anxious distress, suicidality, inpatient hospitalizations" as opposed to merely a mild major depressive disorder. Moreover, the claimant received a diagnosis of "bipolar I disorder, current episode depressed, with psychotic features" following a suicide attempt in late February 2018[1]; Dr. Jorge Leal's records reflected the new diagnosis of bipolar disorder after the claimant's suicide attempt[2]; there are repeated references in mental health records that the claimant was suicidal; and Karen Garey opined on March 6, 2019—7 days after the ALJ's decision—that the claimant's symptoms, including but not limited to daily depressed mood, suicidal ideation, insomnia, and psychomotor retardation, met the "criteria for Major Depressive Disorder, *severe*, recurrent episodes."[3] This evidence appears to support and is consistent with Dr. Leal's opinion regarding the claimant's mental limitations.

On remand, the ALJ must reconsider Dr. Leal's opinion and consider all the medical evidence in the record pertinent to the claimant's mental impairments and issue a new decision. The ALJ must enlist the assistance of a medical consultant, who must be provided with all the claimant's medical records and who must submit a mental RFC assessment, function-by-function. If necessary, the ALJ must also obtain supplemental vocational expert

---

[1] R. at Ex. 16F.

[2] R. at Ex. 18F.

[3] R. at 14. The Appeals Council apparently reviewed this evidence and determined it did "not relate to the period at issue." The undersigned does not agree because the evidence was generated only days after the ALJ's decision and supports the diagnosis and limitations noted in Dr. Leal's MSS. A court "may reasonably infer that a medical report relates to the proper time period when there is no indication that plaintiff's condition deteriorated during the intervening period" and "when any decline in a claimant's condition appears to have occurred over a long period of time, and not simply within the few intervening months between the evaluations and the ALJ's decision." *See Johnson v. Berryhill*, 2017 WL 2964882, at *7 (N.D. Tex. June 26, 2017), *R&R adopted*, 2017 WL 2954914 (N.D. Tex July 11, 2017) (citations and internal quotation marks omitted).

testimony on the issue of whether there is any work the claimant can perform in view of all her limitations and the relevant vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 7th day of October, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE